UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Yaritza Morales Rivera,                               Case No. 3:13 cv 772

        Plaintiff

    v.                                                              MEMORANDUM OPINION
                                                                AND ORDER

Commissioner of Social Security,

        Defendant


       This matter is before me on the May 21, 2014 Report and Recommendation ("R & R") of Magistrate Judge James R. Knepp, II as well as the objections by the Plaintiff and the Commissioner's[1] response.  What follows is a *de novo* review of the Magistrate Judge's findings to which the Plaintiff presents multiple objections.  The Commissioner's response characterizes the Plaintiff's objections as nothing different than what she presented in the initial briefing.

       The Magistrate's thirty-two page R & R is a thorough and comprehensive discussion of the issues presented.  Given the extensive background and administrative record in this case and the absence of objections on that issue, that portion of the R & R (Doc. No. 18 at pp. 2-13) is incorporated by reference.

       For the reasons stated below, I adopt the Magistrate Judge's recommendations as set forth in the R & R and affirm the Commissioner's decision.

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.

**STANDARD**

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (*quoting Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

**OBJECTIONS**

Plaintiff's objections generally center upon the ALJ's determination that she had a marginal education, the status of her literacy and the step five determination. She takes issue with the ALJ's failure to find or to further inquire on the issue of literacy. Also contained within her objections, the Plaintiff takes issue with the downgrading of her educational level, the credibility of the Vocational Expert, interpretation and utilization of DOT[2] trailers, and the competency of the VE's testimony.

Specifically, Plaintiff takes issue the ALJ's determination that she had a marginal education and contends she should have been deemed illiterate based upon the "combination of functional performance and the fact that all of her education was in Puerto Rico in Spanish, her first language."

---

[2] United States Department of Labor, Dictionary of Occupational Titles.

2

(Doc. No. 19 at p. 1). She further contends that "[w]hile illiteracy is not dispositive on disability, it is nonetheless a large impediment which must be factored among other evidence and considerations of decision." The ALJ's "downgrading" of Plaintiff's educational level is also challenged as having no support as she argues that the "ALJ['s] analysis throughout the decision, the absence of full acknowledgement of claimant's language barrier and its impact on work, is what is critical." The Plaintiff also objects to the ALJ's decision in finding her educational level as marginal, characterizing it as arbitrary and not based upon substantial evidence. The Plaintiff also challenges the competency of the VE as not understanding the DOT trailers, the definitions or understanding the factors which undermine the VE's credibility and require remand for clarification of his testimony which raised inconsistencies. All of these arguments were presented in the initial briefing to the Magistrate.

Interspersed between her arguments are specific objections to the analysis of the Magistrate. I now turn to those specific objections by Plaintiff to the Magistrate's R & R and address each one in turn.

    1.    The Magistrate's Reliance on *Motin*

In his analysis of the ALJ's determination of literacy, the Magistrate cited to *Motin v. Comm'r of Soc. Sec.*, 2010 WL 1754821 (E.D. Mich. 2010), for the proposition that "the presence of a translator does not automatically raise an illiteracy argument." *Id.* at *4. Citing to *Motin*, the Magistrate noted "'[E]ven if the presence of a translator could 'tacitly' raise an argument, it would be based on an ability to communicate in English,' which the ALJ in this case considered." (R & R at p. 16). The Magistrate further noted the ALJ took into account Plaintiff's employment history which included jobs as a tortilla packer, food preparer, a server, cashier, and a cook. (*Id.*)

Plaintiff appears to take issue with this portion of the R & R noting that it "seems to be implying that counsel raised the literacy issue based on the presence of a translator at [the] hearing." (Doc. No. 19 at p. 1). Plaintiff charges that the Magistrate's reliance upon *Motin* is not well-founded. Plaintiff's position is without merit. The Magistrate simply cited *Motin* for a general proposition of

3

law. The ALJ's decision expressly recognized that Plaintiff, through her counsel, advocated illiteracy. (Doc. No. 12 at p. 35).

Accordingly, Plaintiff's objection on this issue is without merit.

2. Dr. Layne's Statements

Next, Plaintiff takes issue with the Magistrate's reliance upon Dr. Layne's statements at page 16 of the R & R and the failure of the ALJ to make a finding of illiteracy. Having read the ALJ's decision, the briefing before the Magistrate, the R & R, and Plaintiff's objections, I disagree with Plaintiff's characterization of the ALJ and Magistrate's treatment as to Dr. Layne's statements.

On the issue of the literacy determination, the Magistrate discussed the ALJ's determinations including Dr. Layne's observations. The Magistrate noted that "Dr. Layne concluded Plaintiff's only major problem was that she was not entirely fluid in English. (Tr. 545). However, she 'spoke English surprisingly well' and 'rarely used the interpreter'. (Tr. 543)." (Doc. No. 18 at p. 11).

In the step five determination, the ALJ recognized that Plaintiff "was limited to occupations that did not require complex written or verbal communication, frequent verbal communication, or frequent telephone communication. (Tr. 37)." (*Id.* at p. 12). In making the determination on literacy, the ALJ stated: "This [literacy] determination is based upon the record as a whole, including the claimant's educational level, past work history and medical records (see, i.e., Exhibit 11B)." (Doc. No. 12 at p. 31).

As Dr. Layne's observations were a part of a comprehensive record upon which the ALJ relied upon, I do not find Plaintiff's objection well taken.

3. Educational Level Downgrade

Plaintiff takes issue with the Magistrate's treatment regarding the downgrading of her educational level. She contends the Magistrate did not fully appreciate Plaintiff's arguments on this issue. Plaintiff also requests clarification on the ALJ's finding of a marginal education arguing it was an arbitrary decision and not based upon substantial evidence.

4

The Plaintiff also criticizes the Magistrate's treatment of *Meijas v. Comm'r of Soc. Sec.*, 2009 U.S. Dist. LEXIS 22516 (N.D. Ohio 2009), and *Skinner v. Sec'y of Health and Human Servs.*, 902 F.2d 447 (6th Cir. 1990), as being inopposite to the present action. Additionally, Plaintiff contends the Magistrate articulated conflicting statements regarding maximum and minimum requirements as related to the DOT. The Plaintiff's characterizations are incorrect.

The R & R addressed the "downgrading" of Plaintiff's education level as follows:

> Upon review, the ALJ did not expressly say she was downgrading Plaintiff's educational level from limited to marginal. However, the Code does not require such discussion. The ALJ adequately considered Plaintiff's limited English-speaking ability and previous work history. (Tr. 31). Curiously, Plaintiff argues her education determination should be lower than her numerical grade level, and also complains the ALJ did not provide sufficient reasons for making an education determination that is in fact below Plaintiff's numerical grade level.

(Doc. No. 18 at p. 18).

The Magistrate correctly distinguished *Mejias* and *Skinner* from the Plaintiff's situation. In so doing, he noted that the district court in *Mejias* "construed the DOT educational levels as a minimum, rather than the maximum required for a particular job." (*Id.*) Then later in the R & R, in the discussion addressing the Step Five analysis and specifically the DOT trailers, Magistrate Knepp correctly noted that "reliance on the definitional requirements for jobs listed in the DOT is not binding, the range of requirements is not a minimum, but a maximum range . . . ."[3] (*Id.* at p. 24).

Assuming, *arguendo*, the ALJ erred on Plaintiff's education level, the error is harmless as the hypotheticals posed to the VE during the hearing assumed the Plaintiff to be illiterate. (*Id.* at p. 19).

Based on the foregoing, I find Plaintiff's objections are without merit.

4. Credibility of the Vocational Expert

---

[3] "The DOT lists maximum requirements of occupations as generally performed, not the range of requirements of a particular job as it is performed in specific settings." SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000).

Plaintiff's next objection challenges the VE's credibility and is intertwined with objections on the minimum and maximums on DOT requirements. Despite the confusion by Plaintiff on the DOT requirements, the crux of her objections on the VE's credibility are nothing more than a reiteration of her position as initially briefed to the Magistrate. I have read the transcript of the hearing and disagree with Plaintiff's characterization of the VE's testimony. The testimony adduced at the hearing was subject to cross-examination by Plaintiff's counsel and supports the ALJ's determination. Therefore, I agree with the Magistrate's following determination:

> In sum, the VE testified that Plaintiff could work as a packager or assembler based on a hypothetical person of Plaintiff's same age, educational and vocational background, and RFC. The VE clearly opined that his opinion was consistent with someone who was unable to read or communicate. (Tr. 87). Plaintiff's counsel had a full and fair opportunity to cross-examine the VE. The ALJ supported her literacy determination with substantial evidence. Thus, the SLJ's step five determination was supported by substantial evidence. *C.f., Gonzalez v. Colvin*, 2014 U.S. Dist. LEXIS 42126, at *31-34 (N.D. Ohio) ("As a result of the VE's uncertain testimony and the ALJ's lack of explanation regarding Plaintiff's language barrier, it is unclear as to whether substantial evidence supports the ALJ's Step Five finding.").

(Doc. No. 18 at p. 27).

Accordingly, Plaintiff's objections as to the VE's credibility are not well taken.

5. Due Process and Right to Confront the VE

Plaintiff's final objection contends she was denied the right to cross-examine the VE on DOT cross-references. Specifically, the ALJ addressed this supplemental information in her decision:

> Turning to the next objection. At the hearing the vocational expert provided job titles, job descriptions, and job totals for representative positions at the medium exertional level. However, the vocational expert testified that he would need to provide the corresponding DOT numbers after the hearing. These DOT numbers were faxed to claimant's counsel two days later. (Exhibit

6

> 21E) As such, the claimant, through her counsel had the opportunity to question the vocational expert about job titles, job totals and corresponding duties for the representative medium exertional level jobs provided during the hearing. Nevertheless, this issue is moot with no prejudice to the claimant. As discussed in greater detail below, the claimant's residual functional capacity restricts her to light work, and all vocational testimony regarding light exertional jobs was elicited at the hearing.

(Doc. No. 12 at p. 35).

In considering the Plaintiff's objections I find they are precisely the same arguments raised in the initial briefing to the Magistrate. I also agree with the Magistrate's analysis as explained in the R & R as follows:

> Plaintiff's due process rights cannot be violated through failure to further cross-examine based on subsequently obtained reference numbers because "there is no requirement that a VE provide reference numbers for the jobs he/she identifies." *Creque v. Astrue*, 2011 U.S. Dist. LEXIS 102415, at *23 (N.D. Ohio), *report and recommendation adopted*, 2011 U.S. Dist. LEXIS 102804. As stated above, Plaintiff's attorney had ample opportunity to cross-examine the VE. Unable to identify an "apparent" conflict between the DOT and VE, Plaintiff attempted to do so through post-hearing briefing to the ALJ. However, no such conflict was ever made apparent to the ALJ. Neither Plaintiff's brief nor a reading of the record and hearing transcripts shows any basis to find that Plaintiff's due process rights were violated. Thus, Plaintiff's argument that she was denied due process rights is without merit.

(Doc. No. 18 at p. 28).

In the absence of a specific objection of the Magistrate's recommendation on the due process issue, Plaintiff's arguments do not carry the day.

## CONCLUSION

7

Based upon a *de novo* review as mandated by the Sixth Circuit, I adopt the Magistrate's May 21, 2014 Report and Recommendation (Doc. No. 18), as the order of this Court. The Commissioner's decision is affirmed.

So Ordered.

s/ Jeffrey J. Helmick<br>United States District Judge